JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for Wage and Hour
NANCY E. STEFFAN
Trial Attorney
ELIZABETH HOPKINS
Senior Trial Attorney
United States Department of Labor
Office of the Solicitor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Direct: (213) 894-3283
Facsimile:  (213) 894-2064
Email: hopkins.elizabeth@dol.gov

Attorneys for the Plaintiff

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **R. Alexander Acosta,** <br> Secretary of Labor, U.S. Department of Labor, <br><br> Plaintiff <br> v. <br><br> **G Farms, LLC,** an Arizona LLC**;** <br> **Santiago Gonzalez**, an individual**;** <br> **LeFelco**, a Wyoming Profit Corporation**;** <br> **Arturo Valdez Castro**, an individual**;** and <br> **Raul Leon**, an individual**;** <br><br> Defendants. | Case No. <br><br><br> **COMPLAINT** |

## INTRODUCTION

The Secretary of Labor brings this action pursuant to 8 U.S.C. § 1188(g)(2) and 29 C.F.R. §§ 501.16(b) & (c) to prevent Defendants from violating their obligations with regard to their employment of H-2A temporary agricultural workers.  An investigation conducted by officials from the Department of Labor observed an unsafe, overcrowded and unhygienic camp

**COMPLAINT**

in which the H-2A agricultural workers were being illegally housed and learned that Defendants were not paying their employees as required by the statute and implementing regulations.  The Secretary is charged with enforcing the H-2A regulations to ensure both that the rights of the temporary agricultural workers are not violated and that domestic workers and employers are not disadvantaged by the illegal exploitation of workers in violation of the Act.

The Secretary seeks an injunction prohibiting Defendants from housing these employees in dangerous conditions that violate 8 U.S.C. § 1188(c)(4), from failing to maintain records as required by 20 C.F.R. § 655.122(j), and from failing to pay the wage rate required by 20 C.F.R. § 655.120(a).

## PARTIES

1.     R. Alexander Acosta is the Secretary of Labor, United States Department of Labor.

2.     Defendant G Farms is an Arizona Limited Liability Company engaged in the business of harvesting onions and other agricultural products at 9801 N. Litchfield Road, El Mirage, Arizona.  At all material times, G Farms has been an "employer" within the meaning of 8 U.S.C. 1188 and the implementing regulations at 20 C.F.R. § 655.103.

3.     Defendant Santiago Gonzalez is an owner of Defendant G Farms.  On information and belief, Defendant Gonzalez has the ability to hire, fire, pay, and supervise G Farms' employees and at all material times has been an "employer" within the meaning of the H-2A implementing regulations at 20 C.F.R. § 655.103.

4.     Defendant LeFelco is a Wyoming Profit Corporation.  On information and belief, Defendant LeFelco, at all material times, has been an "agent" within the meaning of the H-2A implementing regulations at 20 C.F.R. § 655.103 in that it is authorized to act on behalf Defendants G Farms and Santiago Gonzalez for temporary agricultural labor certification purposes.

5.     Defendant Arturo Valdez Castro is an employee recruiter and supervisor for Defendant G Farms.  On information and belief, Defendant Valdez Castro at all material times

**COMPLAINT**

has been an "H-2A Labor Contractor" within the meaning of the H-2A implementing regulations at 20 C.F.R. § 655.103 in that he recruits, furnishes and employs temporary agricultural workers for Defendant G Farms.

6.     Defendant Raul Leon is a consultant who assists Defendant G Farms in implementing its H-2A practices, and to obtain temporary labor certification from the Department of Labor.  At all material times, Defendant Leon has been an "agent" within the meaning of the H-2A implementing regulations at 20 C.F.R. § 655.103 and 29 C.F.R. 501.3(a).

## JURISDICTION

7.     This Court has subject matter jurisdiction under 29 C.F.R. § 501.16(b); this Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).

## VENUE

8.     Venue is proper because the actions giving rise to this Complaint took place in and around El Mirage, Arizona.

## DEFENDANTS VIOLATED THEIR OBLIGATIONS AS H-2A EMPLOYERS

9.     Beginning on or about April 21, 2017, Defendants violated their obligation under 8 U.S.C. § 1188(c)(4) and 20 C.F.R. § 655.122(d) to provide their H-2A employees with appropriate housing, at no cost to the employees, when they required their employees to live and sleep in a makeshift, unhygienic and unsafe encampment of school buses, semitrailers, and an open-air shed.

10.     Beginning on or about April 21, 2017, Defendants violated their obligation under 20 C.F.R. §§ 655.122(j) & (k) and 655.167 to keep accurate records of workers' hours worked, workers' earnings, all deductions from workers' pay and to furnish the workers with such information.   Defendants failed to keep any records of the days or hours worked by their employees, failed to maintain records of deductions made from employee earnings and failed to provide employees with any pay stub or record of hours or earnings.

**COMPLAINT**

11.    Beginning on or about April 21, 2017, Defendants violated their obligation under 20 C.F.R. § 655.122(l) to pay their employees the adverse effect wage rate (AWER) of $10.95 per hour and have instead, at all material times, paid most or all of the employees at a piece rate per bag of onions. These violations occurred during the workweek beginning on April 21, 2017 and the workweek beginning on April 28, 2017.

12.    Beginning on or about April 21, 2017, Defendants violated their obligations under 20 C.F.R. § 655.122 in that these employees are working in excess of five days per week or eight hours per day as Defendants asserted in the clearance order which they filed with the Department of Labor in order to receive authorization to bring in the workers.

13.    On information and belief, some or all of the employees have not received wages that equal or exceed the amount they are owed under the governing hourly rate either because they were not paid the proper wage rate or because improper deductions were made from their wages.

**RELIEF SOUGHT**

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A. For an Order permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of 8 U.S.C. § 1182(a) and (c)(4) and the implementing regulations at 20 C.F.R. Part 655.

B. Recovering the wages due to the H-2A workers who were not paid in accordance with the Act or from whom improper deductions were made;

C. Awarding the Secretary of Labor the costs of this action; and,

D. Providing such further legal and equitable relief as may be deemed appropriate.

//
//
//

**COMPLAINT**

Dated:  May 10, 2017                        Respectfully submitted,

                                            NICHOLAS C. GEALE
                                            Solicitor of Labor

                                            JANET M. HEROLD
                                            Regional Solicitor

                                            SUSAN SELETSKY
                                            Counsel for Wage and Hour

                                            ELIZABETH HOPKINS
                                            Senior Trial Attorney

                                            /s/ Nancy E. Steffan
                                            NANCY E. STEFFAN
                                            Trial Attorney

                                            Attorneys for the Plaintiff
                                            SECRETARY OF LABOR
                                            U.S. DEPARTMENT OF LABOR

**COMPLAINT**